UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

OHIO SECURITY INSURANCE COMPANY,

                Plaintiff,

-against-

AMGUARD INSURANCE COMPANY,

                Defendant.

------------------------------------------------------------------x

Civil Action No.:

**COMPLAINT**

**M A D A M S/S I R S:**

Plaintiff OHIO SECURITY INSURANCE COMPANY ("Ohio Security"), by its attorneys, JAFFE & ASHER LLP, as and for its Complaint against defendant AMGUARD INSURANCE COMPANY ("AmGUARD"), alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a) by reason of the diversity of citizenship of the parties and the fact that the amount in controversy exceeds the sum of $75,000.00 exclusive of costs.

2. At all times hereinafter mentioned, Ohio Security was, and still is, a stock insurance company organized under the laws of the State of New Hampshire, with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts 02116.

3. At all times hereinafter mentioned, Ohio Security was, and still is, a stock insurance company duly authorized to conduct business within the State of New York.

4. Upon information and belief, at all times hereinafter mentioned, AmGUARD was, and still is, a stock insurance company organized under the laws of the State of Pennsylvania, with its principal place of business located at 39 Public Square, Wilkes-Barre, Pennsylvania 18701.

5. Upon information and belief, at all times hereinafter mentioned, AmGUARD was, and still is, a stock insurance company duly authorized to conduct business within the State of New York.

6. This Court has venue over this matter pursuant to 28 U.S.C. § 1391; a substantial part of the events or omissions giving rise to the claim occurred in this District.

## SUBSTANTIVE ALLEGATIONS

7. On or about August 5, 2021, Francisco Javier Curiel Luna ("Luna") commenced an action entitled <u>Francisco Javier Curiel Luna v. Brend Restoration LLC and 260 Park Avenue South, LLC</u>, Index No. 717678/2021, in the Supreme Court of the State of New York, County of Queens (the "Underlying Action").

8. On or about August 18, 2021, Luna filed an Amended Verified Complaint in the Underlying Action (hereinafter, included within the definition of "Underlying Action").

9. In the Underlying Action, Luna alleges that on April 30, 2021, he was working at a construction/renovation site (the "Project") located at 260 Park Avenue South, New York, NY 10010 (the "Premises"), when he fell from a ladder at the Premises, causing him to sustain bodily injuries.

10. In the Underlying Action, Luna alleges that 260 Park Avenue South, LLC ("260 Park") owned the real property and facilities thereon at the Premises.

11. In the Underlying Action, Luna alleges that Brend Restoration LLC ("Brend") was the general contractor for the Project.

12. Luna was working as an employee of Winstar Restoration, Inc. ("Winstar") on the Project at the time of the alleged accident.

13. In the Underlying Action, Luna alleges causes of action for negligence, and for violations of N.Y. Labor Law §§ 200, 240(1), 241(6) and the New York State Industrial Code against Brend and 260 Park.

14. On or about October 25, 2022, in the Underlying Action, Brend filed a Third-Party Complaint against Premium All Services Corp. ("Premium") and Winstar (hereinafter, included within the definition of "Underlying Action").

15. In the Underlying Action, Brend alleges that Premium entered into an agreement with Brend to act as a subcontractor at the Project.

16. In the Underlying Action, Brend alleges causes of action against Premium sounding in contribution, common law indemnification, contractual indemnification and breach of contract.

17. In the Underlying Action, Brend alleges that Luna "was allegedly injured while installing wooden beams on a temporary ceiling while using a ladder owned by WINSTAR RESTORATION, INC. when he allegedly fell of (*sic*) the ladder for the Project on behalf of PREMIUM ALL SERVICES CORP. and WINSTAR RESTORATION, INC."

18. In the Underlying Action, Brend alleges that the "incident arose from rooftop roof removal the for the Project performed by PREMIUM ALL SERVICES CORP., and WINSTAR RESTORATION, INC."

19. In the Underlying Action, Brend alleges that "to the extent that Plaintiff [Luna] obtains any recovery, said responsibility for Plaintiff's [Luna's] alleged accident arises directly out of and/or was caused by the negligent acts, omissions, and/or work of the Third-Party Defendants [Premium and Winstar]."

20. On or about January 27, 2021, Premium, as the Contractor, and Winstar, as the Subcontractor, entered into a Subcontract Agreement for the performance of construction work at the Project (the "Subcontract").

21. The Subcontract identifies 260 Park as the "Owner".

22. The Subcontract provides, concerning insurance, in part, as follows:

> **SECTION 12. INSURANCE.** The Subcontractor shall procure and shall maintain until final acceptance of the Work, such insurance as will protect the Contractor, all entities the Contractor is required indemnify and hold harmless, the Owner, and their officers, directors, agents and employees, for claims arising out of or resulting from Subcontractor's Work under this Contract Agreement, whether performed by the Subcontractor, or by anyone directly or indirectly employed by Subcontractor, or by anyone for whose acts Subcontractor may be liable.

23. The Subcontract further provides, concerning insurance, in part, as follows:

> 12.1. The Subcontractor's Commercial General Liability and Excess/Umbrella Liability policies shall include contractual liability coverage, and its Commercial General Liability, Comprehensive Automobile Liability, and Excess/Umbrella Liability policies shall include additional insured coverage for the benefit of the Contractor, Owner and anyone else the Owner is required to name (as set forth in the schedule below), and shall specifically include coverage for completed operations. The insurance required to be carried by the Subcontractor and any Sub-Sub-Contractors shall be PRIMARY AND NON-CONTRIBUTORY. With respect to each type of insurance specified hereunder, the Contractor's and Owner's insurances shall be excess to Subcontractor's insurance.

24. The Subcontract further provides, concerning insurance, in part, as follows:

> 12.4. Unless otherwise stipulated in the Contract Agreement, the Subcontractor shall maintain no less than the limits specified for each of the following insurance coverages:

4

    a) Commercial General Liability using an industry standard unmodified coverage form including contractual liability with minimum limits of $1,000,000 each occurrence, $2,000,000 aggregate with either per project or per location endorsement for property damage and bodily injury . . . .

25. The Subcontract provides, in part, as follows:

12.7. List of Indemnified Parties and Additional Insureds in addition to Owner and Contractor as presented in Exhibit "I".

26. The Subcontract provides, concerning insurance, in part, as follows:

**Exhibit "I"**

**List of Indemnified Parties and Additional Insureds:**

1. 1st Certificate:
  A. <u>Holder:</u> Premium All Services Corp, 14 Mill Road, Eastchester, NY 10709
  B. <u>Additionally Insureds:</u> Premium All Services Corp, 14 Mill Road, Eastchester, NY 10709

2. 2nd Certificate:
  A. <u>Holder:</u> 260 Park Avenue South Condominium, c/o Maxwell Kates, Inc., 9 East 38th Street, 6th Floor, New York, NY 10016
  B. <u>Additionally Insureds:</u> Premium All Services Corp, 14 Mill Road, Eastchester, NY 10709
  C. <u>Additionally Insureds:</u> Brend Restoration LLC, 60 Bayard Street, Brooklyn, NY 11222
  D. <u>Additionally Insureds:</u> FSI Architecture PC, 307 Seventh Avenue, #10001, New York, NY 10001

27. The Subcontract was signed by Winstar on January 27, 2021.

28. Pursuant to the Subcontract, Winstar was obligated to name Premium and Brend as additional insureds.

29. Upon information and belief, in compliance with the Subcontract, Winstar obtained from AmGUARD a Commercial General Liability policy, No. WIBP133474, with a policy period from August 2, 2021 to August 2, 2022 (the "AmGUARD Policy").

30. Upon information and belief, the AmGUARD Policy has an $1 million Each Occurrence Limit.

31. Ohio Security issued a Commercial General Liability policy, No. BLS (21) 60 01 22 55, with a policy period from July 2, 2020 to July 2, 2021, to Premium, as the first Named Insured (the "Ohio Security Policy").

32. With respect to Premium, the Ohio Security Policy has an "Other Insurance" provision that provides, in part, as follows:

> **b. Excess Insurance**
>
> **(1)** This insurance is excess over:
>
> \* \* \*
>
> **(b)** Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured.

33. With respect to additional insureds, the Ohio Security Policy provides, in part, as follows:

> **b. Excess Insurance.** When a written contract or written agreement, other than a premises lease, facilities rental contract or agreement, an equipment rental or lease contract or agreement, or permit issued by a state or political subdivision between you and an additional insured does not require this insurance to be primary or primary and non-contributory, this insurance is excess over any other insurance for which the additional insured is designated as a Named Insured.
>
> Regardless of the written agreement between you and an additional insured, this insurance is excess over any other insurance whether

primary, excess, contingent or on any other basis for which the additional insured has been added as an additional insured on other policies.

34. Upon information and belief, pursuant to the terms of the AmGUARD Policy, Brend and Premium qualify as additional insureds for the claims as alleged in the Underlying Action.

35. Upon information and belief, the AmGUARD Policy applies primary as compared to the Ohio Security Policy for Brend and Premium for the claims alleged in the Underlying Action.

36. By letter dated August 16, 2022, Ohio Security tendered the defense and indemnity of Brend and 260 Park to Winstar.

37. Upon information and belief, Winstar forwarded the August 16, 2022 letter to AmGUARD.

38. By letter dated July 5, 2023, Ohio Security tendered the defense and indemnity of 260 Park, Brend, and Premium to AmGUARD.

39. On or about September 6, 2023, Ohio Security followed up on its July 5, 2023 Tender to AmGUARD.

40. On or about September 13, 2023, AmGUARD stated that it "will send a letter to you [Ohio Security] specifically as well by Friday [September 15, 2023] if that is ok."

41. By electronic communication on September 18, 2023, Toyia Harper-Davis, on behalf of AmGUARD advised that its claims number for the Underlying Action is 24001746.

42. On or about October 11, 2023, counsel for Ohio Security followed up for AmGUARD's coverage position letter in response to Ohio Security's July 5, 2023 tender.

43. On or about October 11, 2023, AmGUARD advised that it would provide a coverage position letter by October 13, 2023.

44. By letter dated November 1, 2023, AmGUARD responded for the first time to the tenders of the defense and indemnity of 260 Park, Brend, and Premium for the Underlying Action, disclaiming coverage for them for the Underlying Action.

45. AmGUARD has no legitimate basis for disclaiming coverage to Brend and Premium for the Underlying Action.

46. As a result of AmGUARD's disclaimer of coverage for Brend and Premium for the Underlying Action, Ohio Security has been forced to drop down and provide a defense to Brend and Premium for the Underlying Action.

## AS AND FOR A FIRST CLAIM FOR RELIEF

47. Ohio Security repeats, realleges, and reiterates each and every allegation contained in paragraphs "1" through "46" of this Complaint as if more fully set forth herein.

48. Brend and Premium qualify as additional insureds under the AmGUARD Policy for the claims alleged in the Underlying Action.

49. AmGUARD owes Brend and Premium a duty to defend and indemnify for the claims alleged in the Underlying Action.

50. Although duly demanded, AmGUARD has failed and refused to provide a primary defense and indemnification to Brend and Premium for the claims alleged in the Underlying Action.

51. Ohio Security seeks a determination of Brend's and Premium's rights with regard to the AmGUARD Policy, including a declaratory judgment that AmGUARD was and is required to defend and indemnify Brend and Premium for the Underlying Action under the

AmGUARD Policy and that such coverage applies on a primary basis before coverage under the Ohio Security Policy applies.

52.     Ohio Security has no adequate remedy at law.

### AS AND FOR A SECOND CLAIM FOR RELIEF

53.     Ohio Security repeats, realleges, and reiterates each and every allegation contained in paragraphs "1" through "52" of this Complaint as if more fully set forth herein.

54.     As a result of AmGUARD's failure to acknowledge that it owes a primary duty to defend Brend and Premium, Ohio Security has been required to pay for Brend's and Premium's defenses for the Underlying Action.

55.     As a result of AmGUARD's failure to acknowledge its primary duty to defend Brend and Premium for the Underlying Action, Ohio Security has incurred substantial attorneys' fees and other costs to defend Brend and Premium.

56.     Although duly demanded, AmGUARD has failed and refused to acknowledge its primary coverage obligation and to reimburse Ohio Security for costs incurred to defend Brend and Premium for the Underlying Action.

57.     As a result of the foregoing, Ohio Security is entitled to a money judgment against AmGUARD in an amount equal to what Ohio Security has incurred and will incur to defend Brend and Premium for the Underlying Action, in an amount to be determined by the Court, plus interest.

**WHEREFORE,** plaintiff OHIO SECURITY INSURANCE COMPANY demands judgment as follows:

1.     On the First Claim for Relief, a declaratory judgment determining the respective rights and obligations of plaintiff OHIO SECURITY INSURANCE COMPANY and

defendant AMGUARD INSURANCE COMPANY with respect to their liability insurance coverage obligations for Brend and Premium for the Underlying Action, including a declaratory judgment that defendant AMGUARD INSURANCE COMPANY is required to defend and indemnify Brend and Premium for the Underlying Action, and that such coverage for Brend and Premium applies on a primary basis before coverage under the Ohio Security Policy applies to Brend and Premium;

    2.    On the Second Claim for Relief, a money judgment in favor of plaintiff OHIO SECURITY INSURANCE COMPANY and against defendant AMGUARD INSURANCE COMPANY, in an amount to be determined by the Court, plus interest; and

    3.    Granting plaintiff OHIO SECURITY INSURANCE COMPANY recovery of the costs and disbursements of this action, together with such other and further relief as this Court deems just and proper.

Dated: White Plains, New York
       February 29, 2024

Yours, etc.,

JAFFE & ASHER LLP

By: _____
Marshall T. Potashner, Esq.
Attorneys for Plaintiff
OHIO SECURITY INSURANCE COMPANY
445 Hamilton Avenue, Suite 405
White Plains, New York 10601
(212) 687-3000